

#300002272

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF TEXAS

| | |
|---|---|
| JENNIFER SANFORD,<br>          Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>EQUIFAX INFORMATION SERVICES LLC, and<br>CAPITAL ONE USA, NA.<br><br>          Defendants. | Case No.<br><br>DEMAND FOR JURY TRIAL<br><br>3-22CV2570-C |

## COMPLAINT

NOW COMES Plaintiff, Jennifer Sanford, and for my Complaint against Defendants, Experian, Equifax, and Capital One and alleges as follows:

### I.  INTRODUCTION

1. Plaintiff, JENNIFER SANFORD, a Texas resident, brings this action under Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and Texas Business and Commerce Code § 20.01 et seq., against Defendants, Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Capital One USA, NA. ("Capital One") for violations of the Fair Credit Reporting Act 15 USC § 1681 et seq. (FCRA) and independent violations of Texas Business Commerce Code Section 20.06.

### II.  JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 2201. Further, Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over all non-federal claims as this set of allegations and claims constitute a single action and should be heard in the same cause. 28 U.S.C. § 1367(a).

1

3. The Plaintiff is a natural personal and legal resident of Irving, Texas. Defendants conduct business in the state of Texas; therefore, personal jurisdiction is established.

4. This Court has jurisdiction over the nonresident Defendants because the Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by:

   (a) Engaging in business in Texas by contracting with Texas residents, with said contracts to be performed in Texas, including but not limited to credit information providers;

   (b) Committing torts in whole or in part in this state against Plaintiff; and

   (c) Recruiting Texas residents, both directly and through an intermediary located in this state, for employment in this state.

5. Venue is proper before this court pursuant to 28 U.S.C. § 1391(b) as the Defendants conduct business in this district, communications and substantial part of the events or omissions giving rise to the claims herein occurred in this district.

### III. PARTIES

6. Plaintiff, Jennifer Sanford, is a consumer as defined by 15 U.S.C § 1681a(c) and Texas Business and Commerce Code 20.01(2).

7. Plaintiff is an individual. Last 4 digits of SSN for Jennifer Sanford are 0876. Last 4 of Driver's licenses are 3644. Plaintiff is a resident of the State of Texas.

8. Defendant, Experian is a "consumer reporting agency" defined by 15 USC § 1681a(f) and Texas Business and Commerce Code 20.01(5).

9. Experian Information Solutions, Inc., Inc. d/b/a Experian is a foreign for-profit corporation doing business at all relevant times in Texas that may be served with process by serving its registered agent for service of process C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201 USA, which service is hereby requested.

10. Defendant, Equifax is a "consumer reporting agency" defined by 15 USC § 1681a(f) and Texas Business and Commerce Code 20.01(5).

11. Equifax Information Services, LLC is a foreign limited liability company doing business at all relevant times in Texas that may be served with process by serving its registered agent for service of process Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA, which service is hereby requested.

12. Defendants Experian and Equifax are collectively referred to as "CRAs".

13. Defendant, Capital One is a "person" defined by 15 USC § 1681a(b).

14. Capital One USA, NA. is a foreign company doing business at all relevant times in Texas that may be served with process by serving its corporate address for service of process at 1680 Capital One Drive, Mc Lean, VA 22102-3407 USA, which service is hereby requested.

## IV.   FACTUAL BACKGROUND

15. The Plaintiff checked her credit report and observed inaccurate and incomplete information reporting on her Experian and Equifax reports in regard to multiple accounts seeking account-level documentation such as applications, complete accounting, payment history, and notifications to substantiate the late payments to no avail.

16. On July 29, 2022, Plaintiff requested information from Capital One, via certified mail tracking #7018 2290 0001 0388 6726, in order to conduct her own investigation.

17. Capital One received the letter on or about August 9, 2022.

18. On July 29, 2022, Plaintiff disputed the completeness and accuracy of the accounts with Experian, via certified mail tracking #7018 2290 0001 0388 6764.

19. Experian received the letter on or about August 8, 2022.

20. Plaintiff disputed the completeness and accuracy once again of the following accounts, Capital One account #5178505XXXX, #400344XXXX, and #517805XXXX, Goodyear Tire/CBNA account #603551XXXX, and PNC Bank NA account #330200XXXX.

3

21. Experian completed its investigation on or about September 8, 2022, and notified the client via email of the dispute results.

22. On July 29, 2022, Plaintiff disputed the completeness and accuracy of the accounts with Equifax, via certified mail tracking #7018 2290 0001 0388 6771.

23. Equifax received the letter on or about August 1, 2022, and uploaded the dispute letter to their system on or about August 4, 2022.

24. Equifax completed its investigation on or about August 20, 2022.

25. Experian posted an article on January 17, 2020, written by John Ulzheimer about how long information remains on the credit profile found online at: https://www.experian.com/blogs/ask-experian/how-long-does-it-take-information-to-come-off-your-report/

26. In the article, it was stated, "Charge-offs, accounts in collections, repossessions, foreclosures, and settlements all indicate that you've defaulted on an account. In every one of these scenarios, the credit reporting agencies are **allowed to report them for no longer than seven years from the original delinquency date that led to their default.**"

27. Equifax posted a similar article in their Knowledge Center found at: https://www.equifax.com/personal/education/credit/report/how-long-does-information-stay-on-credit-report/

28. In their article, they stated, "Collection or charged-off accounts: If you have a late payment and don't pay the past-due balance, the account could eventually be charged off by the original lender and assigned to a collection agency. If that happens, the entire collection **account would be removed seven years from the date of your first missed payment that led to the collection or charge-off status.** If you pay the collection account before the seven-year period is up, it can remain on your Equifax credit report, but the account may have less of an impact on your Equifax credit score."

29. An article published by the CFPB, confirmed the 7 years that a negative item of information can be reported.

### Results of Capital One's Information Request

30. For account ending in 4920 Capital One stated in their correspondence dated August 15, 2022, that "...they correctly reported the first date (Plaintiff) account become delinquent as January 21, 2022."

31. For account ending in 4636 Capital One stated in their correspondence dated August 15, 2022, that "...they correctly reported the first date (Plaintiff) account become delinquent as January 18, 2022."

32. For account ending in 7702 Capital One stated in their correspondence dated August 15, 2022, that "...they correctly reported the first date (Plaintiff) account became delinquent Aas November 9, 2021."

33. Upon information and belief, Capital One did not conduct a reasonable investigation under the Fair Credit Reporting Act after receiving disputes from Plaintiff. Capital One verified inaccurate and incomplete information as being correct with the CRAs.

### Results of Goodyear Tire/ CBNA's Information Request

34. For account ending in 8091 Goodyear Tire/ CBNA stated in their correspondence dated June 23, 2022, that "We show the first date of delinquency for this debt on 07-26-21."

### Results of Experian's Reinvestigation

35. On or about September 8, 2022, Experian sent the dispute results via email to Plaintiff's email.

36. For Capital One account starting with 400344 and ending in 4636 Experian updated the "On Record Until Sep 2028", this account became delinquent on January 21, 2022.

37. For Capital One account starting with 517805 and ending in 7702 Experian updated the "On Record Until Jul 2028", this account became delinquent on November 9, 2021.

5

38. For Capital One account starting with 517805 and ending in 4920 Experian updated the "On Record Until Sep 2028", this account became delinquent on January 18, 2022.

39. Experian stated that Goodyear Tire/ CBNA certified to them that the information is accurate and will not change as a result of processing my dispute.

40. Experian did not provide any results for the PNC Bank NA account.

41. The "On Record Until" date is supposed to derive from the original delinquency date that led to their default. Given that information all of the "On Record Until" dates are incorrect. Accordingly, Experian should have reported the actual Date of First Delinquency as required by Metro 2 and FCRA, in order to follow reasonable procedures.

42. Despite Plaintiff's dispute, upon information and belief, the derogatory inaccurate information regarding the alleged accounts are still being reported by Defendant on Plaintiff's credit report.

43. Upon information and belief, Experian did not conduct a reasonable investigation under the Fair Credit Reporting Act after receiving disputes from Plaintiff.

### *Results of Equifax's Reinvestigation*

44. On November 7, 2022, Plaintiff called Equifax to get the results of the dispute submitted. The representative confirmed when the dispute was received and the results of the reinvestigation.

45. For Capital One account ending in 4920 the date of first delinquency is reported as January 1, 2022. The last payment due date is reporting incorrectly as well.

46. For Capital One account ending in 4636 the date of first delinquency is reported as January 1, 2022. The last payment due date is reporting incorrectly as well.

47. For Capital One account ending in 7702 the date of first delinquency is reported as November 1, 2021. The last payment due date is reporting incorrectly as well.

48. Equifax reported the date of first delinquency for the Goodyear Tire/ CBNA as July 1, 2021. The last payment due date is reporting incorrectly as well.

49. Equifax reported the date of first delinquency for the PNC Bank NA account as Dec 1, 2017. The last payment due date is reporting incorrectly as well.

50. Equifax is systematically reporting all the dates of first delinquency as the first of any given month, regardless of the actual date, which is highly inaccurate. It is impossible for any of Plaintiff's dates of first delinquency to be on the first of any month because Plaintiff had absolutely no payment due dates on the first.

51. Despite Plaintiff's dispute, upon information and belief, the derogatory inaccurate information regarding the alleged accounts are still being reported by Defendant on Plaintiff's credit report.

52. Upon information and belief, Equifax did not conduct a reasonable investigation under the Fair Credit Reporting Act after receiving disputes from Plaintiff.

### *Plaintiff's Damages As A Result of Defendant's Actions*

53. As a result, Plaintiff's creditworthiness is negatively impacted because the credit reporting is materially misleading and is being interpreted incorrectly.

54. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

55. A lower credit score hurts the Plaintiff's creditworthiness because lenders have different tiers of risk and consumers with lower credit scores will often be placed into a lower tier. This can cause the consumer, like the Plaintiff, to be denied credit or to receive credit at a more expensive cost.

56. **Plaintiff's credit report was disseminated multiple times, resulting in Plaintiff being denied credit by Affirm on or about October 2, 2022.**

57. This reporting is materially misleading and the Plaintiff has been forced to deal with aggravation, emotional distress, mental anguish, loss of credit, humiliation, and embarrassment as a result of Defendant's actions and inactions.

58. At all times pertinent hereto, Capital One and the CRAs conduct was willful and carried out in reckless disregard for a consumer's right as set forth under the Fair Credit Reporting Act.

### V.   CRA's VIOLATIONS OF 15 U.S.C. § 1681e(b)

59. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

60. Section 1681e(b) of the FCRA requires that "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

61. Were the CRAs to follow procedures to assure the maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have deleted or modified the inaccurate information being reported on Plaintiff's credit report.

62. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligent refusal to follow reasonable procedures to assure maximum possible accuracy as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### VI.   CRA's VIOLATIONS OF 15 U.S.C. § 1681i(a)(1)

63. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

64. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the status of the disputed information or delete the item from Plaintiff's credit files.

65. Experian conducted either no investigation or failed to conduct a reasonable investigation violated 15 U.S.C. § 1681i(a)(1)(A) and renders Experian liable for actual, statutory, and punitive damages and cost under 15 U.S.C. § 1681n. Experian's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

66. Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the status of the disputed information or delete the item from Plaintiff's credit files.

67. Equifax conducted either no investigation or failed to conduct a reasonable investigation violated 15 U.S.C. § 1681i(a)(1)(A) and renders Equifax liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Equifax's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

68. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### VII.     CRA's VIOLATIONS OF 15 U.S.C. § 1681i(a)(2)(A)

69. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

70. Experian violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide third parties Capital One, Goodyear Tire/CBNA, and PNC Bank with all relevant information regarding the disputes.

71. Experian's actions violated 15 U.S.C. § 1681i(a)(2)(A) and render Experian liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Experian's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

72. Equifax violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide third parties Capital One, Goodyear Tire/CBNA, and PNC Bank with all relevant information regarding the disputes.

73. Equifax's actions violated 15 U.S.C. § 1681i(a)(2)(A) and render Equifax liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Equifax's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

74. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligent refusal to provide third parties with all relevant information as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### VIII. CRA's VIOLATIONS OF 15 U.S.C. § 1681i(a)(4)

75. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

76. Experian violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

77. Experian's actions violated 15 U.S.C. § 1681i(a)(4) and render Experian liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Experian's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

78. Equifax violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

79. Equifax's actions violated 15 U.S.C. § 1681i(a)(4) and render Equifax liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Equifax's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

80. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligence, they failed to review and consider all relevant information as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### IX. CRA's VIOLATIONS OF 15 U.S.C. § 1681i(a)(5)(A)

81. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

82. Experian violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from the Plaintiff's credit file or modify the items of information upon an accurate reinvestigation.

83. After conducting no investigation or failing to conduct a reasonable investigation, Experian's actions violated 15 U.S.C. § 1681i(a)(5)(A) and renders Experian liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Experian's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

84. Equifax violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from the Plaintiff's credit file or modify the items of information upon an accurate reinvestigation.

85. After conducting no investigation or failing to conduct a reasonable investigation, Equifax's actions violated 15 U.S.C. § 1681i(a)(5)(A) and renders Equifax liable for actual, statutory, and punitive damages and cost under 15 U.S.C. § 1681n. Equifax's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

86. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligence, to delete or modify the information as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## X.   CAPITAL ONE VIOLATIONS OF 15 U.S.C. § 1681s-2(b)

87. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

88. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

89. Plaintiff submitted a written dispute to Experian and Equifax disputing the completeness and accuracy of the account being reported by Capital One.

90. The Furnisher was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to the Plaintiff's dispute.

11

91. The Furnisher failed to reasonably investigate Plaintiff's dispute. Indeed, the Furnisher knew the correct date of first delinquency for each account but continued to report inaccurate information regardless.

92. After conducting no investigation or failing to conduct a reasonable investigation, Capital One's actions violated 15 U.S.C. § 1681s-2(b) and renders Capital One liable for actual, statutory, and punitive damages and cost under 15 U.S.C. § 1681n. Capital One's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

93. As a direct and proximate result of Capital One's willful, malicious, reckless, wanton, and or negligence, to delete or modify the information as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## XI.   TEXAS BUSINESS & COMMERCE CODE 20.01 ET. SEQ. CAUSES OF ACTION

94. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

95. Experian and Equifax is a "consumer reporting agency" as defined by Texas Business and Commerce Code 20.01(5).

96. Defendants Experian and Equifax are collectively referred to as "CRAs".

97. Experian and Equifax failed to (a) promptly delete the information, (b) revise Plaintiff's credit files and (c) provide a revised consumer report to Plaintiff and to each person who requested the consumer reports within the preceding six months.

98. Further, the CRAs reported the false inaccurate information with malice or willful intent to injure or, alternatively, negligently, in subsequent reports.

99. Additionally, the CRAs failed to have reasonable procedures to assure that previously reported inaccurate information in Plaintiff's file is corrected in a prompt and timely fashion.

100.   Each one of these acts and omissions constituted a separate and independent violation of Texas Business and Commerce Code Section 20.06 that damaged Plaintiff and renders Experian and Equifax liable pursuant to Section 20.

101. CRA's willful violations of Texas Business and Commerce Code Chapter 20 make them liable to Plaintiff, for each violation, for (a) the greater of three times the amount of actual damage to Plaintiff or $1,000 per violation, and (c) costs.

102. Alternatively, CRA's negligent violations of Texas Business and Commerce Code Chapter 20 make them liable to Plaintiff, for each violation, for (a) the greater of three times the amount of actual damage to Plaintiff or $500 per violation, and (c) costs.

### XII. PLAINTIFF'S EXEMPLARY DAMAGES CLAIM

103. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

104. Plaintiff's injuries resulted from the CRA's gross negligence, malice, or actual fraud, which entitles Plaintiff to recover exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

105. In particular, the CRA's acts or omissions, when viewed objectively from the Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants were subjectively aware of the risk involved but nevertheless proceeded, with conscious indifference to the rights, safety, or welfare of Plaintiff.

### XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer Sanford, respectfully request that judgment be entered in favor of Plaintiff against the Defendants for:

1. Actual damages, statutory damages, punitive damages; cost and fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

2. Judgment for the greater of three times the amount of actual damage to Plaintiff or $1,000 per violation of Texas Business and Commerce Code Section 20.01 et. seq., and costs because Defendant willfully violated Section 20.01 et. seq.;

3. Judgment for the greater of three times the amount of actual damage to Plaintiff or $500 per violation of Texas Business and Commerce Code Section 20.01 et. seq., and costs because Defendant negligently violated Section 20.01 et. seq;

4. Judgment for exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a);

5. An order directing Defendant immediately delete all of the inaccurate information from Plaintiff's credit file;

6. Award to Plaintiff of such other and further relief as deemed just and proper.

## XIV. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

Dated: November 7, 2022

/s/ Jennifer Sanford
Jennifer Sanford, *Plaintiff*
6535 Deseo Apt. 3091
Irving, Texas 75039
T: 219.916.9311
E: snfrd.jnnfr@gmail.com

14

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jennifer Sanford

**DEFENDANTS** Experian Information Solutions, Inc.
Equifax Information Services LLC
Capital One USA, NA

**(b)** County of Residence of First Listed Plaintiff: Dallas County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Outside the State of Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED NOV 15 2022 MS
CLERK U.S. DISTRICT COURT

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681, et seq. (violations of the FCRA)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____