UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF TEXAS

JENNIFER SANFORD, )
        Plaintiff, )
 ) Case No. 3:22-cv-02570-C-BT
)
v. )
) DEMAND FOR JURY TRIAL
EXPERIAN INFORMATION SOLUTIONS, INC., )
EQUIFAX INFORMATION SERVICES LLC, and )
CAPITAL ONE USA, NA. )
)
        Defendants. )

## AMENDED COMPLAINT

NOW COMES Plaintiff, Jennifer Sanford, and for my Complaint against Defendants, Experian, Equifax, and Capital One and alleges as follows:

### I. INTRODUCTION

1. Plaintiff, JENNIFER SANFORD, a Texas resident, brings this action under Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and Texas Business and Commerce Code § 20.01 et seq., against Defendants, Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Capital One USA, NA. ("Capital One") for violations of the Fair Credit Reporting Act 15 USC § 1681 et seq. (FCRA) and independent violations of Texas Business Commerce Code Section 20.06.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 2201. Further, Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over all non-federal claims as this set of allegations and claims constitute a single action and should be heard in the same cause. 28 U.S.C. § 1367(a).

3. The Plaintiff is a natural personal and legal resident of Irving, Texas. Defendants conduct business in the state of Texas; therefore, personal jurisdiction is established.

4. This Court has jurisdiction over the nonresident Defendants because the Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by:

   (a) Engaging in business in Texas by contracting with Texas residents, with said contracts to be performed in Texas, including but not limited to credit information providers;

   (b) Committing torts in whole or in part in this state against Plaintiff; and

   (c) Recruiting Texas residents, both directly and through an intermediary located in this state, for employment in this state.

5. Venue is proper before this court pursuant to 28 U.S.C. § 1391(b) as the Defendant's conduct business in this district, communications and substantial part of the events or omissions giving rise to the claims herein occurred in this district.

### III.   PARTIES

6. Plaintiff, Jennifer Sanford, is a consumer as defined by 15 U.S.C § 1681a(c) and Texas Business and Commerce Code 20.01(2).

7. Plaintiff is an individual. Last 4 digits of SSN for Jennifer Sanford are 0876. Last 4 of Driver's licenses are 3644. Plaintiff is a resident of the State of Texas.

8. Defendant, Experian is a "consumer reporting agency" defined by 15 USC § 1681a(f) and Texas Business and Commerce Code 20.01(5).

9. Experian Information Solutions, Inc., Inc. d/b/a Experian is a foreign for-profit corporation doing business at all relevant times in Texas that may be served with process by serving its registered agent for service of process C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201 USA, which service is hereby requested.

10. Defendant, Equifax is a "consumer reporting agency" defined by 15 USC § 1681a(f) and Texas Business and Commerce Code 20.01(5).

11. Equifax Information Services, LLC is a foreign limited liability company doing business at all relevant times in Texas that may be served with process by serving its registered agent for service of process Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA, which service is hereby requested.

12. Defendants Experian and Equifax are collectively referred to as "CRAs".

13. Defendant, Capital One is a "person" defined by 15 USC § 1681a(b).

14. Capital One USA, NA. is a foreign company doing business at all relevant times in Texas that may be served with process by serving its corporate address for service of process at 1680 Capital One Drive, Mc Lean, VA 22102-3407 USA, which service is hereby requested.

### IV.  FACTUAL BACKGROUND

15. The Plaintiff checked her credit report and observed inaccurate and incomplete information reporting on her Experian's report in regard to multiple accounts.

16. On July 29, 2022, Plaintiff requested information from Capital One, via certified mail tracking #7018 2290 0001 0388 6726, in order to conduct her own investigation.

17. Capital One received the letter on or about August 9, 2022.

18. On July 29, 2022, Plaintiff disputed the completeness and accuracy of the accounts with Experian, via certified mail tracking #7018 2290 0001 0388 6764.

19. Experian received the letter on or about August 8, 2022.

20. Plaintiff disputed the completeness and accuracy once again of the following accounts, Capital One account #517805858612XXXX, #400344890583XXXX, and #517805818977XXXX, Goodyear Tire/CBNA account #603551XXXX, and PNC Bank NA account #330200XXXX.

3

21. Experian completed its investigation on or about September 8, 2022, and notified the plaintiff via email of the dispute results.

22. Plaintiff continued to send multiple disputes, at times receiving no reinvestigation results from Experian.

23. Plaintiff repeatedly requested Experian to be sent a copy of her file to no avail.

### *Results of Experian's Reinvestigation*

24. On or about September 8, 2022, Experian sent a set of dispute results via email.

25. Experian stated that Goodyear Tire/ CBNA certified to them that the information is accurate and will not change as a result of processing my dispute.

26. Experian did not provide any reinvestigation results for the PNC Bank NA account after multiple disputes. However, Experian continued to report the information and even make changes without sending any reinverstigation results. The following changes were made:

| Report Generated Date | Balance Updated Date | Payment History Information |
|---|---|---|
| July 27, 2022 | **January 4, 2018** | May 2016- **30 days late**<br>January 2018- **NA** |
| April 9, 2023 | **Missing Data** | May 2016- **ND**<br>January 2018- **CLS** |

27. Experian engaged in the same behavior with respects to JPMCB Card and reported:

| Report Generated Date | Payment History | Status Updated |
|---|---|---|
| August 23, 2021 | December 2017- **30 days late**<br>January 2018- **current** | January 2018 |
| September 8, 2021 | December 2017- **current**<br>January 2018- **30 days late** | February 2018 |
| July 27, 2022 | December 2017- **current**<br>January 2018- **30 days late** | February 2018 |
| April 9, 2023 | December 2017- **30 days late**<br>January 2018- **current** | January 2018 |

28. Upon information and belief, the *"Status Update"* reports the date the furnisher last reported information about the account payment status. JPMCB Card reports monthly and has consistently done so over the life of this account over the last 9 plus years.

29. Plaintiff's payment was drafted from her JPMCB checking account on December 30, 2017 for $206.00, which was more than enough to cover both December 2017 and January 2018 payment. It is impossible for the Plaintiff to ever have been 30 days late in December when the payment was made in December or January 2018.

30. It is evident the information is unverifiable as Experian made conflicting updates between the payment history and status updated date. While making those updates to the account, Experian repeatedly failed to mark the account as "in dispute", send reinvestigation results, and send a copy of the file upon request.

31. With regards to Capital One Acct #400344890583XXXX Experian reported the following:

| Payment History | Balance History Date | Balance History Paid | **Actually Paid*** |
|---|---|---|---|
| April 2021- current | April 2021 | $0 on 4/19/2021 | $200 on 4/19/2021 |
| May 2021- current | May 2021 | $0 on 5/24/2021 | $200 on 5/18/2021<br>$200 on 5/19/2021<br>$100 on 5/24/2021 |
| June 2021- current | June 2021 | $0 on 6/19/2021 | $25 on 6/19/2021 |
| July 2021- current | July 2021 | $0 on 7/19/2021 | $25 on 7/19/ 2021<br>$760 on 7/27/2021 |
| August 2021- current | August 2021 | $0 on 8/24/2021 | $130 on 8/24/2021 |
| September 2021- current | September 2021 | $0 on 9/6/2021 | $38 on 9/6/2021 |
| October 2021- current | October 2021 | $0 on 10/19/2021 | $39 on 10/19/2021 |
| November 2021- current | November 2021 | $0 on 11/19/2021 | $39 on 11/19/2021 |

*All data have been verified by bank statements provided by Capital One, information not reported by Experian

32. With regards to Capital One Acct #517805818977XXXX Experian reported contradicting information between the payment history and itemized balance history on this account as well.

5

33. As a result of Experian's reinvestigation, the above account was reporting "current" in the payment history summary, but in the itemized balance history reporting that the Plaintiff had made $0.00 payments from September 2020 to October 2021, when in fact payments were made on time the entire time. That is over a year worth of payments not being reported accurately in the itemized balance history section, which contradicts what is reported in the payment history.

34. With regards to Capital One Acct #517805858612XXXX Experian reported contradicting information between the payment history and itemized balance history as well.

35. As a result of Experian's reinvestigation, the above account was reporting current in the payment history summary, but in the itemized balance history reporting that the Plaintiff had made $0.00 payments from August 2020 to November 2021, when in fact payments were made. That is over a year worth of payments not being reported accurately in the itemized balance history section, which contradicts what is reported in the payment history.

36. Subsequent disputes had been sent to Experian and no reinvestigation results were sent.

37. Itemize data is meant to show a more in-depth look at the account and payment behavior.

38. Based on the data, Experian correctly reported the dates that payments were indeed actually made, however they inaccurately reported the amounts paid on those dates.

39. If Experian had completed an reinvestigation as claimed and relied solely on their own internal data, they should have realized that it is not possible to report both current in the payment history summary and report $0 paid in the itemized balance history for those dates.

40. Alternatively, if Experian had relied on external data received from the furnisher, Capital One, they should have updated the itemized "balance history paid" column each month to report the dates and amounts paid accurately.

41. It is clear that the information verified and updated by Experian as a result of their "alleged" reinvestigation can not be relied upon as there are plethora of inaccuracies.

42. Experian is fully capable of reporting the amounts in the balance history paid column as they reported those amounts on other accounts reporting on the Plaintiff's consumer report.

43. It is evident Experian failed to complete an investigation with regards to the completeness and/ or accuracy, as they verified contradicting information, that may have potentially led users viewing the report to be confused as to the payment behavior and/ or character of the Plaintiff.

44. This incomplete, inaccurate, and unverifiable information being reported by Experian are not mere technical inaccuracies. When we take a year worth of inaccurate reporting per account into account, it proves an unreasonable and/ or non-existent reinvestigation took place.

45. Upon information and belief, it's not possible Experian conducted a reasonable investigation given they failed to do the following: provide a file upon request, verified inaccurate information, verify contradicting information, and not mark accounts as "in dispute" as required under the Fair Credit Reporting Act after receiving multiple disputes from Plaintiff.

### *Plaintiff's Damages As A Result of Defendant's Actions*

46. As a result, Plaintiff's creditworthiness is negatively impacted because the credit reporting is materially misleading and is being interpreted incorrectly.

47. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

48. A lower credit score hurts the Plaintiff's creditworthiness because lenders have different tiers of risk and consumers with lower credit scores will often be placed into a lower tier.

This can cause the consumer, like the Plaintiff, to be denied credit or to receive credit at a more expensive cost.

49. Plaintiff's credit report was disseminated multiple times, resulting in Plaintiff being denied credit by Affirm on or about October 2, 2022 and for a mortgage on or about November of 2022 Plaintiff.

50. This reporting is materially misleading and the Plaintiff has been forced to deal with aggravation, emotional distress, mental anguish, loss of credit, humiliation, and embarrassment as a result of Defendant's actions and inactions.

51. At all times pertinent hereto, Experian's conduct was willful and carried out in reckless disregard for a consumer's right as set forth under the Fair Credit Reporting Act.

## V.   CRA's VIOLATIONS OF 15 U.S.C. § 1681g(a)

52. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

53. Section 1681g(a) of the FCRA requires that, "Every consumer reporting agency shall upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of request."

54. If Experian was to follow procedures and send the file upon request, it would have complied with the FCRA requirements.

55. As a direct and proximate result of Experian's willful, malicious, reckless, wanton, and or negligent refusal to follow reasonable procedures to assure maximum possible accuracy as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## VI.   CRA's VIOLATIONS OF 15 U.S.C. § 1681e(b)

56. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

57. Section 1681e(b) of the FCRA requires that "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum

possible accuracy of the information concerning the individual about whom the report relates."

58. If Experian was to follow procedures to assure the maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have deleted or modified the inaccurate information being reported on Plaintiff's credit report.

59. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligent refusal to follow reasonable procedures to assure maximum possible accuracy as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### VII.   CRA's VIOLATIONS OF 15 U.S.C. § 1681i(a)(1)

60. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

61. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the status of the disputed information or delete the item from Plaintiff's credit files.

62. Experian conducted either no investigation or failed to conduct a reasonable investigation violated 15 U.S.C. § 1681i(a)(1)(A) and renders Experian liable for actual, statutory, and punitive damages and cost under 15 U.S.C. § 1681n. Experian's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

63. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### VIII.   CRA's VIOLATIONS OF 15 U.S.C. § 1681i(a)(2)(A)

64. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

65. Experian violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide third parties Capital One, Goodyear Tire/CBNA, and PNC Bank with all relevant information regarding the disputes.

66. Experian's actions violated 15 U.S.C. § 1681i(a)(2)(A) and render Experian liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Experian's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

67. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligent refusal to provide third parties with all relevant information as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### IX.   CRA's VIOLATIONS OF 15 U.S.C. § 1681i(a)(4)

68. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

69. Experian violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

70. Experian's actions violated 15 U.S.C. § 1681i(a)(4) and render Experian liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Experian's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

71. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligence, they failed to review and consider all relevant information as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### X.   CRA's VIOLATIONS OF 15 U.S.C. § 1681i(a)(5)(A)

72. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

73. Experian violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from the Plaintiff's credit file or modify the items of information upon an accurate reinvestigation.

74. After conducting no investigation or failing to conduct a reasonable investigation, Experian's actions violated 15 U.S.C. § 1681i(a)(5)(A) and renders Experian liable for actual, statutory, and punitive damages and costs under 15 U.S.C. § 1681n. Experian's actions were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o as well.

75. As a direct and proximate result of CRA's willful, malicious, reckless, wanton, and or negligence, to delete or modify the information as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## XI.  TEXAS BUSINESS & COMMERCE CODE 20.01 ET. SEQ. CAUSES OF ACTION

76. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

77. Experian is a "consumer reporting agency" as defined by Texas Business and Commerce Code 20.01(5).

78. Defendant Experian is referred to as "CRA".

79. Experian failed to (a) promptly delete the information, (b) revise Plaintiff's credit files and (c) provide a revised consumer report to Plaintiff and to each person who requested the consumer reports within the preceding six months.

80. Further, the CRA reported the false inaccurate information with malice or willful intent to injure or, alternatively, negligently, in subsequent reports.

81. Additionally, the CRA failed to have reasonable procedures to assure that previously reported inaccurate information in Plaintiff's file is corrected in a prompt and timely fashion.

82. Each one of these acts and omissions constituted a separate and independent violation of Texas Business and Commerce Code Section 20.06 that damaged Plaintiff and renders Experian liable pursuant to Section 20.

83. CRA's willful violations of Texas Business and Commerce Code Chapter 20 make them liable to Plaintiff, for each violation, for (a) the greater of three times the amount of actual damage to Plaintiff or $1,000 per violation, and (c) costs.

84. Alternatively, CRA negligent violations of Texas Business and Commerce Code Chapter 20 make them liable to Plaintiff, for each violation, for (a) the greater of three times the amount of actual damage to Plaintiff or $500 per violation, and (c) costs.

## XII. PLAINTIFF'S EXEMPLARY DAMAGES CLAIM

85. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

86. Plaintiff's injuries resulted from the CRA's gross negligence, malice, or actual fraud, which entitles Plaintiff to recover exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

87. In particular, the CRA's acts or omissions, when viewed objectively from the Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants were subjectively aware of the risk involved but nevertheless proceeded, with conscious indifference to the rights, safety, or welfare of Plaintiff.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer Sanford, respectfully request that judgment be entered in favor of Plaintiff against the Defendant for:

1. Actual damages, statutory damages, punitive damages; cost and fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

2. Judgment for the greater of three times the amount of actual damage to Plaintiff or $1,000 per violation of Texas Business and Commerce Code Section 20.01 et. seq., and costs because Defendant willfully violated Section 20.01 et. seq.;

3. Judgment for the greater of three times the amount of actual damage to Plaintiff or $500 per violation of Texas Business and Commerce Code Section 20.01 et. seq., and costs because Defendant negligently violated Section 20.01 et. seq;

4. Judgment for exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a);

5. An order directing Defendant immediately delete all of the inaccurate information from Plaintiff's credit file;

6. Award to Plaintiff of such other and further relief as deemed just and proper.

## XIV. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

Dated: May 5, 2023

/s/ Jennifer Sanford
Jennifer Sanford, *Plaintiff*
6535 Deseo Apt. 3091
Irving, Texas 75039
T: 219.916.9311
E: snfrd.jnnfr@gmail.com